UINTED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN 6${}^{TH}$ CIRCUIT

CLIFFORD COLE                                     2ND AMENDED COMPLAINT
SAM MICKENS as the Next Friend of;        Case #1:21-cv-846
"J.C.", a minor, by his Next Friend, Samuel Mickens, et al.,

                     Plaintiffs,

V

CITY OF GRAND RAPIDS POLICE OFFICERS TBD
RESPONDEAT SUPERIOR;
CITY OF GRAND RAPIDS
GRAND RAPIDS POLICE DEPARTMENT          Hon: **Hala Y. Jarbou**
                       Defendants.
_____/
Law Offices of Tyrone Bynum PLLC
By: Tyrone Bynum (P82427)
Attorney for the Plaintiff
161 Ottawa Ave NW
Suite #309
Grand Rapids, MI 49503
(616) 608-7409
_____/

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT IN THE FORM OF A 2${}^{ND}$ AMENDED COMPLAINT**

Due to Plaintiffs' attorney filing the 1${}^{st}$ Amended Complaint with privacy violations in relation to exposing the names of minor Plaintiffs in violation of FRCP Rule 5.2 Plaintiffs are submitting this corrected 2${}^{nd}$ Amended Complaint in response to Defendants' request for a more definite statement pursuant to Rule 15(B).

Federal Rule of Civil Procedure Rule 15. Amended and Supplemental Pleadings

(a) AMENDMENTS BEFORE TRIAL.

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiffs Clifford Mickens, Sam Mickens as the Next Friend of "J.C.", a minor and "J.C.", a minor states:

## **Jurisdiction and Venue**

1. Plaintiff "J.C.", a minor lives in the city of Grand Rapids, Kent County, Michigan. Plaintiff "J.C.", a minor lives in the city of Kentwood, Kent County, Michigan. Plaintiff Clifford Cole lives in the city of Wyoming, Kent County, Michigan

   Sam Mickens lives in the city of Wyoming, Kent County, Michigan

2. Defendant Grand Rapids Police Officers work in the city of Grand Rapids, Kent County, Michigan, City of Grand Rapids and Grand Rapids Police Department are either chartered in Kent County Michigan or are employed in the City of Grand Rapids, Kent County Michigan.

3. All acts related to this incident happened near the corner of Ionia and Hall, Grand Rapids, Kent County, Michigan.

4. The amount in controversy in this civil action exceeds $25,000.00 plus court cost, legal fees, fines and penalties and any other damages the court deem necessary.

## Complaint

Plaintiffs state:

### Common Allegations

1. This action arises under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331, 1343(a)(3), and (4).
2. Plaintiffs Clifford Cole and Sam Mickens (as the Next of Friend of "J.C.", a minor and "J.C.", a minor) were residents of Kent County, Michigan.
3. Defendants, **individual defendants** and at all material times was employed by the Grand Rapids Police Department as officers.
4. When the events alleged in this complaint occurred, Defendant Officers were acting within the scope of their employment and under color of law.
5. At all material times, Defendant **Grand Rapids Police Department** employed all Defendant Officers and is liable for their acts because of its policies, practices, and customs, which led to this complaint of violation. The city of Grand Rapids is also liable because of its over sight, funding, and control of the Grand Rapids Police Department.

### Statement of Fact

6. During a sting operation on March 26, 2021, the Grand Rapids Police Department was allegedly conducting a sting operation on the Southeast side of Grand Rapids, where most people of color live. GRPD pulled Plaintiffs over, even though Plaintiffs were not breaking any laws or civil infractions at the time. GRPD pointed their guns at the

heads of Plaintiffs, ordered them out of the car one by one with hands over their heads, ordered them to walk backwards to the police officers and out of control and aggressively barking canine(s). Once the Plaintiffs were handcuffed, they questioned, while in police custody, Plaintiffs were not mirandized and the police refused to call the parents of the 2 minors ("J.C.", a minor and "J.C.", a minor) before questioning them, in violation of GRPD policy and procedure. Even after GRPD Officers were made aware that "J.C.", a minor and "J.C.", a minor were minors, verbally by the minor Plaintiffs and by close visual observation, again Grand Rapids Police Department Officers never called the minors' parents.

7. Government employees are generally not protected against liability for intentional torts, but if the acts that are purportedly intentional torts were justified, governmental immunity applies. *VanVorous v Burmeister, 262 Mich App 467, 469; 687 NW2d 132 (2004)*

## Count I
### Fourth, Fifth, and Fourteenth Amendment Violations

8. Plaintiffs incorporate by reference paragraphs 1 through 7.
9. Plaintiffs Clifford Cole's, "J.C.", a minor's and "J.C.", a minor's constitutionally protected rights that Defendant Officers violated include the following:
    A. the right to liberty protected in the substantive component of the Due Process Clause of the Fifth and Fourteenth Amendments, which includes personal safety, freedom from captivity, and a right to medical care and protection

  B. the right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment

10. Defendant Officers, acting under color of state law, took Plaintiffs into physical police custody, while pointing their guns at their heads, restraining and or detaining them for an excessive amount of time (nearly 20 minutes), and without probable cause. In doing so, they established a special custodial relationship with Plaintiffs, giving rise to affirmative duties on their part to secure for the Plaintiffs the constitutionally protected rights identified above.

11. Defendant Officers' violation of their affirmative duties, their intervention in preventing Plaintiffs "J.C.", a minor and "J.C.", a minor from contacting their parents on their own phones, a department policy, of contacting a parent or guardian, implemented after officers detained, with guns drawn, a previous group of children and outcries from the community for change to remove that type of conduct by GRPD Officers and treatment of minor children of color in the community, Officers prevented others from providing Plaintiff's their constitutionally protected rights when they were unable to do so themselves. This situation, while Plaintiffs were under Defendant Officers' custodial control, is a direct and proximate cause of the subsequent deprivation of Plaintiffs' constitutional rights described above.

12. Defendant Officers, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiffs' constitutional rights. Further, their actions in detaining the minor Plaintiffs, given their ages and departmental policy of involving parents for minors, showed deliberate indifference to Plaintiffs' serious age deficiencies and mental capacities in

understanding the complexities of their situation and Plaintiffs' apparent fear of guns being pointed at their heads was a deprivation of their constitutionally protected rights.

13. As a direct and proximate result of Defendant Officers' conduct, Plaintiffs suffered serious psychological and emotional harm, loss of freedom, and other constitutionally protected rights described above.

14. Defendant Grand Rapids Police Department, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiffs here, while ignoring written policies.

15. As a direct and proximate result of these policies, practices, and customs, Plaintiffs were deprived of their constitutionally protected rights as described above.

16. On certiorari, the United States Supreme Court vacated and remanded. In an opinion by Rehnquist, Ch. J., joined by White, Stevens, O'Connor, Scalia, and Kennedy, JJ., it was held that (1) all claims brought under 1983 in which it was alleged that law enforcement officers used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other seizure of a free citizen were properly analyzed under the Fourth Amendment's "objective reasonableness" standard, rather than under the more generalized standard of "substantive due process" pursuant to the due process clause of the Fourteenth Amendment, because the Fourth Amendment provided an explicit textual source of federal constitutional protection against such physically intrusive governmental conduct, and (2) under the Fourth Amendment standard, the inquiry is whether the officer's actions in using the force alleged to be excessive are objectively reasonable in light of the facts and circumstances confronting the officer, without

regard to the officer's underlying intent or motivation. Graham v Connor, 490 US 386, 388; 109 S Ct 1865; 104 L Ed 2d 443, 450 (1989)

17. On or about March 26, 2021, the Grand Rapids Police Department engaged in a sting operation on the southeast side of the city of Grand Rapids.

18. While performing that duty the Grand Rapids Police Department Officers had a duty of care to the public. That duty of care was breached. The breach of that care was the actual and the proximate cause of Plaintiffs' damages.

19. Defendants acted with intent to cause the consequences or should have known the consequences were certain to happen.

20. Grand Rapids Police Officers pulled Plaintiffs' ("J.C.", a minor, "J.C.", a minor, and Clifford Mickens) over at gun point even though Plaintiffs violated no law except driving while Black, Young, and Male. They presented no threat to the community, themselves or to the officers. Equal Protection violation under the 14th Amendment and a 4th Amendment violation for an ILLEGAL SEARCH AND SEIZURE.

21. Once pulled over, with numerous guns pointed at Plaintiffs' heads and made to exit the vehicle one by one on their knees, the Plaintiffs were made to walk backwards blindly into aggressively barking canines and the custody of Officers. Once in custody officers handcuffed, placed each Plaintiff in a Police Cruiser separately and questioned the Plaintiffs. *4th and 5th Amendment Violation*

22. The Plaintiffs were clearly in custody as no reasonable person would have believed they were free to leave. Once the questioning started a custodial interrogation was triggered which then required each Plaintiff to have their Miranda Rights read to them.

23. Grand Rapids Police Department adopted an internal policy of contacting the parents of minors before questioning them, clearly a self-imposed department wide standard of care and procedure. Plaintiff "J.C.", a minor (13 years old) and Plaintiff "J.C.", a minor (14 years old) were both identified as minors but their parents were never contacted and yet they were questioned without being read Miranda. *5th Amendment Violation*

24. Both "J.C.", a minor and "J.C.", a minor requested that their parents be contacted several times but Grand Rapids Police Officers refused to contact their parents. *Violation of GRPD policy.*

25. Based on subsequent statements made by "J.C.", a minor and "J.C.", a minor the families believe counseling is now required for both. Clifford, Jason, and Jarvis were clearly traumatized when the GRPD Officers pointed their guns at all 3 of their heads and all 3 being made to blindly walk backwards toward the sounds of police dogs barking in a very aggressive manner.

26. "J.C.", a minor, Clifford Mickens, and "J.C.", a minor's injuries (Psychological trauma believing they were going to die that night) were a result of GRPD Officers forcing them to walk backwards blindly into the sounds of aggressively barking dogs and officers pointing their guns at the heads of unarmed minors and Clifford Mickens who had broken no laws, presented no threat to the Officers, themselves, or the community at large. GRPD Officers intentionally engaged in excessive force, a violation of Plaintiff's 4th Amendment right against unreasonable search and seizure and against GRPD own internal policies that required them to contact the parents of the 2 minors before questioning them.

27. Clifford Mickens was also traumatized by the actions of the GRPD Officers. Knowing he had not broken any laws, had no outstanding warrants, and was not wanted by any law enforcement agencies for any reason, Clifford Mickens truly believed he was about to be murdered on the streets of Grand Rapids, MI right in front of his nephews.

28. All claims that an officer used excessive force—deadly or not—in the course of an arrest or other seizure are properly analyzed under the Fourth Amendment's "objective reasonable standard" established by Graham v Connor, 490 US 386 (1989).

29. No reasonable person or officer would have used such force against 2 minors and an innocent law-abiding citizen.

30. Those GRPD Officers intentionally drew their guns (the act) and pointed them at the heads of the Plaintiffs. The GRPD Officers knew drawing their guns and pointing them at the heads of the Plaintiffs would evoke a reaction of fear and trauma (Intent).

31. All 3 Plaintiffs have suffered serious psychological trauma (Causation of Harm). It should be noted that for Extreme and Outrageous behavior to exist the courts evaluate whether the Defendant is in a position of authority or influence over the Plaintiffs or if the Plaintiffs are members of a group that have a heightened sensitivity. Plaintiffs are Black, Young, and Male certainly a group of heightened sensitivity in America as it relates to Police Officers. GEORGE FLOYD and thousands of other Black Male victims of police brutality or murder have been profiled in recent years magnifying what most people of color was already aware of. This behavior goes all the way back to slavery in the 1600's in America, to Emmitt Till on August 28, 1955, to today. White America is in a state of denial as recently as today even though they have witnessed the carnage for themselves via videos. The punishment has to be

proportionate to the civil crime. Black Lives Matter and Black Lives are equal to White Lives.

32. The court also looks to determine if the Defendants intended to cause severe emotional distress or at least acted with RECKLESSNESS as to the risk of causing severe emotional distress for IIED

33. Line 24 and 25 both also describe clearly the behavior of the GRPD Officers that day.

34. Plaintiffs seeks recovery of damages pursuant to 42 USC 1983 based on Plaintiffs' protected Constitutional rights under the 4th, 5th, and 14th Amendments were violated by GRPD Officers acting "under color of state law."

35. Where a violation of state or federal rights is found, 42 USC 1983 provides for both equitable relief and damages.

36. To resolve the question of whether qualified immunity applied to a defendant in an excessive force action, the trial court must engage in a two-step inquiry and analyze (1) whether a constitutional right would have been violated on the facts alleged and, if so, (2) whether the right was clearly established. A person's constitutional right to be free from excessive force is examined under a "reasonableness" standard. VanVorous v Burmeister, 262 Mich App 467, 469; 687 NW2d 132 (2004)

37. The First Circuit has held that "[a] reasonably competent officer also would not have thought that it was permissible to point an assault rifle at the head of an innocent, non-threatening, and handcuffed fifteen-year-old girl for seven to ten minutes, far beyond the time it took to secure the premises and arrest and remove the only suspect." *Mlodzinski v. Lewis*, 648 F.3d 24, 37-38 (1st Cir. 2011). In *Baird v. Renbarger*, the Seventh Circuit ruled that it was unconstitutional when the defendant

"pointed a submachine gun at various people when there was no suggestion of danger, either from the alleged crime that was being investigated or the people he was targeting. The Fourth Amendment protects against this type of behavior by the police." 576 F.3d 340, 346 (7th Cir. 2009). [*Vanderhoef*, 280 F3d at 280.] Love v Notoriano, NW2d; 2019 Mich. App. LEXIS 6948, at *17-18 (Ct App, Nov. 7, 2019)

38. All 3 Plaintiffs believe the GRPD Officers who were pointing their guns at their heads created imminent danger for the Plaintiffs. Each Plaintiff was made to experience reasonable imminent apprehension of harmful or offensive bodily contact. A bullet to the head. Each believed the Officers were willing to follow through.

39. Evaluating the 2-step analysis for this case (1) whether a constitutional right would have been violated on the facts alleged; The answer, all 3 Plaintiffs had their 4th Amendment constitutional right to be free from excessive force and, if so, (2) whether the right was clearly established.

40. The 4th Amendment reads; The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

41. None of this existed. The Grand Rapids Police Officers did not have probable cause to stop Plaintiffs. Just because one officer claims he was in a high-speed chase with a car similar to the Plaintiff, Clifford Mickens', vehicle does not give Law enforcement the right to pull over every vehicle that matches the description and the Driver is BLACK

-
-
-

    for weeks. That is profiling in its purist sense. And without properly assessing the situation Officers drew their guns and pointed them at the heads of all 3 Plaintiffs.

42. The 4th and 14th Amendments' rights clearly exist here. Constitutional rights always exist unless an Affirmative defense exist to justify Officers' actions. Here there is no affirmative defense supporting the actions of Grand Rapids Police Officers against Plaintiffs.

Therefore, plaintiffs demand a judgment of more than $25,000.00 against the Defendants plus interest, cost, and reasonable attorney fees.

PLAINTIFF'S DEMAND FOR A JURY TRIAL

Under MCR 2.508, the Plaintiff request that all of the counts be tried by a Jury.

        Respectfully Submitted

        Counsel For Plaintiff

Date: October 24, 2021        By:   /s/ Tyrone Bynum

        Tyrone Bynum (P82427)
        Law Offices of Tyrone Bynum PLLC
        161 Ottawa Ave NW
        Suite #309
        Grand Rapids, MI 49503
        (616) 608-7409
        Tyrone@LawOfficesofTyroneBynumPLLC.com

## PROOF OF SERVICE

**Rule 6(a)(1)(A). Computing and Extending Time;** Time for Motion Papers (a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time. (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period;

Received Defendants' Motion for More Definite Statement on September 30, 2021 (Exclude Trigger Date). Plaintiffs' response is in the form of a 2ND Amended Complaint

I hereby certify that I personally emailed the above DEFENDANT PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT IN THE FORM OF A 2ND AMENDED COMPLAINT pursuant to MCR 2.105, regarding the above matter on October 24, 2021 to the following:

> Elizabeth J. Fossel (P41430)
> Sarah J. Hartman (P71458)
> *Attorneys for Defendants*
> City of Grand Rapids Law Department
> 300 Monroe Ave. NW, Ste. 620
> Grand Rapids, MI 49503
> Ph: (616) 456-1318
> efossel@grand-rapids.mi.us
> shartman@grand-rapids.mi.us

/s/ Tyrone Bynum

Tyrone Bynum (P82427)