UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

---

J.C, a minor, by next friend,
SAM MICKENS; CLIFFORD COLE;
and J.C., a minor, by next friend, SAM
MICKENS;

      Plaintiffs,

v

CITY OF GRAND RAPIDS POLICE
OFFICERS TBD;
CITY OF GRAND RAPIDS, and GRAND
RAPIDS POLICE DEPARTMENT,

      Defendants.

Case No.: 1:21-CV-00846

HON. PHILLIP J. GREEN
U.S. District Magistrate Judge

---

Tyrone Bynum (P82427)
*Attorney for Plaintiffs*
Law Offices of Tyrone Bynum PLLC
161 Ottawa Ave., NW, Ste. 309
Grand Rapids, MI 49503
Ph: (616) 608-7409
tyrone@lawofficesoftyronebynumpllc.com

Elizabeth J. Fossel (P41430)
Sarah J. Hartman (P71458)
*Attorneys for Defendants*
City of Grand Rapids Law Department
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI 49503
Ph: (616) 456-1318
efossel@grand-rapids.mi.us
shartman@grand-rapids.mi.us

---

**BRIEF IN SUPPORT OF DEFENDANTS CITY OF GRAND RAPIDS AND GRAND
RAPIDS POLICE DEPARTMENT'S MOTION TO DISMISS**

**\*\*\*ORAL ARGUMENT REQUESTED\*\*\***

<u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF FACTS .................................................................................. 2

III.    ARGUMENT ....................................................................................................... 3

        A.      Standard of Review.................................................................................... 3

        B.      The Grand Rapids Police Department is not a Separate Legal Entity from the City
                of Grand Rapids and is Not a Proper Party Defendant. ......................................... 4

        C.      Plaintiffs have Failed to State a *Monell* claim against the Grand Rapids Police
                Department and the City of Grand Rapids............................................................ 5

                1.      The GRPD is Not a Proper Defendant and Plaintiffs' Second Amended
                        Complaint Articulates no Claim Against the City of Grand Rapids...................... 6

                2.      Even if the City of Grand Rapids were Substituted for the GRPD in the
                        Complaint, Plaintiffs still Fail to State a Claim pursuant to *Monell* .................... 7

                3.      The City of Grand Rapids Cannot Be Held Liable for the Individual
                        Actions of the GRPD's Officers based on *Respondeat Superior* ........................ 8

        D.      Any State-Law Claims Should Be Dismissed with Prejudice ............................ 10

                1.      Plaintiffs' Purported State-Law Claims of Negligence, Intentional
                        Infliction of Emotional Distress, and Assault are barred by Governmental
                        Immunity ......................................................................................................... 12

IV.     CONCLUSION.................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adair v. State*,
    470 Mich. 105, 680 N.W.2d 386 (2004).............................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).....................................3, 4, 7

*Bd. Of County Com'rs of Bryan County, Okl. v. Brown*,
    520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed.2d 626 (1997).............................................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................3, 7, 8

*Boykin v. Van Buren Twp.*,
    479 F.3d 444 (6th Cir. 2007) ................................................................................4

*Connick v. Thompson*,
    563 U.S. 51, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011)..........................................5, 8

*Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*,
    648 F.3d 365 (6th Cir. 2011) ................................................................................4

*Dart v. Dart*,
    460 Mich. 573, 597 N.W.2d 82 (1999)...............................................................12

*Genesee County Drain Comm'r v. Genesee County*,
    309 Mich. App. 317, 869 N.W.2d 635 (2015).................................................13, 14

*Haverstick Enterprises, Inc. v. Federal Financial Credit, Inc.*
    32 F. 3d 989 (6th Cir. 1991) ..........................................................................4, 12

*Hunter v. Sec'y of U.S. Army*,
    565 F.3d 986 (6th Cir. 2009) ................................................................................3

*Monell v. Dept. of Soc. Serv. of New York*,
    432 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)...............................2, 5, 6, 7, 8

*Moore v. City of Det*roit,
    128 Mich. App. 491, 340 N.W.2d 640 (Mich.Ct.App.1983)...................................13

*Nawrocki v. Macomb County Road Com'n.*,
    463 Mich. 143, 615 N.W.2d 702 (2000)...............................................................13

*Payton v. City of Detroit*,
    211 Mich. App. 375, 536 N.W.2d 233 (1995) ........................................................13

*Robinson v. Detroit*,
    462 Mich. 439, 613 N.W.2d 307 (2000) ..............................................................13

*Rondigo, L.L.C. v. Twp. Of Richmond*,
    641 F. 3d 673 (6th Cir. 2011) ................................................................................4

*Ross v. Consumers Power Co.* (*On reh'g.*),
    420 Mich. 567, 363 N.W.2d 641 (1984) ..............................................................13

*Sewell v. Clean Cut Mgt., Inc.*,
    463 Mich. 569, 621 N.W.2d 222 (2001) ..............................................................12

*Shaffer v. Kalamazoo Cty.*,
    No. 1:16-CV-883, 2017 WL 8894657 (W.D. Mich. Sept. 12, 2017) ...................5, 8

*Terry v. Tyson Farms, Inc.*
    604 F.3d 272 (6th Cir. 2010) .................................................................................3

*Thomas v. City of Ferndale*,
    No. 16-10811, 2017 WL 4682308 (E.D. Mich. Oct. 18, 2017) .............................13

*Vereecke v. Huron Valley School Dist.*,
    609 F.3d 392 (6th Cir. 2010) .........................................................................5, 7, 8

*Vine v. City of Ingham*,
    884 F. Supp. 1153 (W.D. Mich. 1995) ..................................................................5

**Statutes**

28 U.S.C. §1446(b) ........................................................................................................1

28 U.S.C. §1447(b) ........................................................................................................1

42 U.S.C. §1983 ....................................................................................................5, 6, 8

MCL §92.1 .....................................................................................................................4

MCL § 691.1402 ..........................................................................................................13

MCL § 691.1405 ..........................................................................................................13

MCL §691.1406 ............................................................................................................13

MCL §691.1407 ........................................................................................10, 12, 13, 14

MCL §691.1413 ............................................................................................................13

iv

MCL §691.1416.................................................................................................................13

**Court Rules**

Fed. R. Civ. P. 8(a)(2)....................................................................................................3, 8

Fed. R. Civ. P. 10(c)............................................................................................................4

Fed. R. Civ. P. 12(b)(6).......................................................................................2, 3, 12, 14

MCR 2.203(A)...................................................................................................................11

# I.    INTRODUCTION

On August 31, 2021, Plaintiffs filed their complaint in the 17th Circuit Court for the County of Kent.  (Doc. #5-2, PageID.49.)  In response, Defendants filed a motion for a more definite statement because, among other things, the complaint was unclear as to whether Plaintiffs were filing claims pursuant only to state law or also asserting federal law claims.  (Doc. #5-6, PageID.67-83.)  At the time of the filing of that motion, Plaintiffs had not responded to repeated questions as to whether federal law claims were intended to be pled. (*Id.,* PageID.75-80.)

Subsequently, Plaintiffs' counsel clarified that federal claims *were* intended, and Defendants filed a Notice of Removal Pursuant to 28 U.S.C. §1446(b) on September 30, 2021. (*See,* Doc. #1-3, PageID.35-36; Doc.#1, PageID.1.)  Defendants supplemented that filing on October 6, 2021, to ensure compliance with this Court's Order (Doc. #3, PageID.40) and 28 U.S.C. §1447(b), by attaching all pleadings filed in the state court action.  (Doc. #5, PageID.45.)

However, simply confirming that federal law claims were being alleged did not cure the overall vagueness of the Complaint.  Defendants filed a motion to strike the complaint and/or order a more definite statement.  (Doc. ##8 and 9, PageID.131-159.)  Instead of responding to the motion, Plaintiffs filed a "Second Amended Complaint." (Doc. #19, PageID.213 stating that it is "Plaintiffs' Response to Defendants' Motion for More Definite Statement in the Form of A 2nd Amended Complaint.")  The Second Amended Complaint included the now-appointed next-friend for the two minor Plaintiffs, correctly removed the names of the minors, and listed one-count for alleged U.S. Constitutional violations.  (*Id.*)

For the reasons set forth below, the Plaintiffs' Second Amended Complaint fails to state claims against the City of Grand Rapids and the Grand Rapids Police Department. First, the Grand Rapids Police Department is not a separate legal entity and should be dismissed as a party.  Second,

Plaintiffs agreed at the Rule 16 scheduling conference to the dismissal of any remaining state-law claims, to the extent that they are pled, but not refuses to do so unless such dismissal is without prejudice so that they can be renewed in State court.  Those claims are not viable as the City is entitled to governmental immunity under Michigan's Government Tort Liability Act.  Therefore, any purported state-law claims should be dismissed with prejudice.  Finally, Plaintiffs have failed to state a *Monell* claim against the City.  Instead, Plaintiffs' claims that sound in Federal law against the City amount to them improperly seeking to hold the City responsible on the basis *respondeat superior*.

For the reasons set forth more fully below, all allegations against the City and the GRPD should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     STATEMENT OF FACTS

The Grand Rapids Police Department (the "GRPD") is a department of and chartered by the City of Grand Rapids (the "City"), but is not in and of itself a separate, legal entity.  While the Defendants dispute a number of the factual allegations contained in the Second Amended Complaint, for purposes of this Motion only the City and the GRPD recognize that all well-pled facts are to be accepted as true.

Regardless, these basic facts are not in dispute:  On March 26, 2021, GRPD officers pulled over a vehicle operated by Plaintiff Clifford Cole[1] and in which the minors J.C.1 and J.C.2 were passengers.  (PageID.215-216 at ¶6.)  Each Plaintiff was ordered out of the vehicle one at a time, asked to walk back toward the officers, and placed into separate police cruisers.  (*Id.*)  After "nearly 20 minutes" the Plaintiffs left the scene and were not under arrest or charged.  (PageID.217 at ¶17.)

---

[1] Plaintiffs' Second Am. Compl. continues to misidentify Mr. Cole as "Clifford Mickens."  (*Sec. Am. Compl.,* PageID.214, 219-221.)

### III.        ARGUMENT

**A.        Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), citing Fed. R. Civ. P. 8(a)(2) (additional citations omitted).

Generally, on a motion to dismiss brought pursuant to Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Hunter v. Sec'y of U.S. Army,* 565 F.3d 986, 992 (6th Cir. 2009) (internal quotations omitted).  However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Terry v. Tyson Farms, Inc.* 604 F.3d 272, 276 (6th Cir. 2010).

The complaint must contain more than mere labels, conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct.1955, 167 L.Ed.2d 929 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 555).

The complaint must allege facts that give rise to claims that are plausible, that when accepted as true, "raise a right to relief **above a speculative level**." *Twombly*, 550 U.S. at 555 (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks

for **more than a sheer possibility** that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (emphasis added). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano,* 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal,* 556 U.S. at 677). If the complaint merely alleges facts consistent with liability it falls short of plausibility. *Iqbal*, 556 U.S. at 678.

Also, pursuant to Rule 10(c), the Court may consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. Of Richmond,* 641 F. 3d 673, 681 (6th Cir. 2011) (internal quotations omitted).

### B. The Grand Rapids Police Department is not a Separate Legal Entity from the City of Grand Rapids and is Not a Proper Party Defendant.

The Second Amended Complaint names the Grand Rapids Police Department as a party defendant in addition to naming the City of Grand Rapids. (Doc. #19, PageID.213.) However, under Michigan law, "a municipal police department is a creature of the municipality." *Haverstick Enterprises, Inc. v. Federal Financial Credit, Inc.* 32 F. 3d 989, 992, n.1 (6th Cir. 1991)(citing MCL §92.1). Therefore, a lawsuit against a police department of a municipality is actually a suit against the municipality itself. *Id.* (citations omitted). A Michigan municipal police department is subsumed within the municipal entity, and thus it is not proper to name the police department as a separate defendant in addition to the municipal entity. *Boykin v. Van Buren Twp.,* 479 F.3d 444, 450 (6th Cir. 2007) (citations omitted).

Plaintiffs allege that "[t]he city of Grand Rapids is also liable because of its over sight [sic], funding, and control of the Grand Rapids Police Department." (*Sec. Am. Compl.*, Doc. #19,

PageID.215.) The Grand Rapids Police Department is a municipal police department, which is a creature of the municipal entity – the City of Grand Rapids.  Thus, the GRPD is not a separate legal entity subject to suit and must be dismissed as a separately named party defendant.  *See e.g., Vine v. City of Ingham,* 884 F. Supp. 1153, 1158 (W.D. Mich. 1995).

### C.      Plaintiffs have Failed to State a *Monell* claim against the Grand Rapids Police Department and the City of Grand Rapids

Municipalities may not be sued for violation of a constitutional provision pursuant to 42 U.S.C. §1983 under a theory of *respondeat superior* for an injury inflicted by its employees or agents.  *Monell v. Dept. of Soc. Serv. of New York*, 432 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Instead, the government as an entity can be held responsible under §1983 only where the entity's own policy, practice, or custom inflicts the injury.  *Id.* at 694.  A municipality may only be liable for the "action[s] for which the municipality is actually responsible."  *Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011) (internal citations omitted).

The plaintiffs bear the burden of pleading facts that "'(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his] particular injury was incurred due to the execution of that policy.'" *Shaffer v. Kalamazoo Cty.*, No. 1:16-CV-883, 2017 WL 8894657, at *3 (W.D. Mich. Sept. 12, 2017), report and recommendation adopted, No. 1:16-CV-883, 2017 WL 4271104 (W.D. Mich. Sept. 26, 2017), quoting *Vereecke v. Huron Valley School Dist.,* 609 F.3d 392, 403 (6th Cir. 2010) (additional quotations omitted).   The municipality's own actions must be the "moving force" behind the violation of law for it be held liable.  *Monell*, 436 U.S. at 694.  The Plaintiffs must show that through the municipality's own deliberate conduct, the municipality's action was the "moving force" behind the alleged injury. *Bd. Of County Com'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 400, 117 S. Ct. 1382, 137 L. Ed.2d 626 (1997), citing *Monell, supra.*

5

In their Second Amended Complaint, Plaintiffs generally allege that the Grand Rapids Police Department, by and through the actions of its yet-unidentified officers, violated their Fourth, Fifth, and Fourteenth Amendment rights and sue the Department pursuant to 42 U.S.C. §1983. (*Sec. Am. Compl.,* Doc. #19, PageID.215-216.)   Specifically, Plaintiffs allege that the GRPD "employed all Defendant Officers and is liable for their acts because of its policies, practices, and customs, which led to this complaint of violation." (Doc. #19, PageID.215 at ¶5.)   Plaintiffs also allege that "Defendant Grand Rapids Police Department, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiffs here, while ignoring written policies." (Doc. #19, PageID.218 at ¶14.)   The pleading further states that the "Grand Rapids Police Department adopted an internal policy of contacting the parents of minors before questioning them, clearly a self-imposed department wide standard of care and procedure." (PageID.220 at ¶23.)   The Plaintiffs allege that the minors were questioned without their parents being contacted, amounting to a Fifth Amendment violation.  (*Id.*)

Plaintiff's pleading is insufficient to state a claim.  Plaintiffs fail to articulate a *Monell* claim against either the Grand Rapids Police Department or the City of Grand Rapids.

        1.       The GRPD is Not a Proper Defendant and Plaintiffs' Second Amended
                Complaint Articulates no Claim Against the City of Grand Rapids

First, on its face, the Second Amended Complaint makes allegations only against the Grand Rapids Police Department.  The City of Grand Rapids is not identified in the substance of the complaint, and no allegations of fact or law are attributed to the City, other than as contained in Paragraph 5: "[t]he city of Grand Rapids is also liable because of its over sight, funding, and control of the Grand Rapids Police Department". (Doc. #19, PageID.215.)  As stated above, the GRPD is not a separate legal entity subject to being sued, and therefore is not a proper party

defendant.  Plaintiffs Second Amended Complaint does not articulate any policy, procedure, or custom to the Defendant City of Grand Rapids – only to the "Defendant Officers" and the GRPD. Any claim Plaintiff has against the GRPD should be dismissed, including any claim pursuant to *Monell* because the GRPD is not a proper party and Plaintiffs state no claim against the City itself.

        2.      Even if the City of Grand Rapids were Substituted for the GRPD in the Complaint, Plaintiffs still Fail to State a Claim pursuant to *Monell*

Even if the allegations contained in the Second Amended Complaint were expansively read to be stated against the City of Grand Rapids instead of the Grand Rapids Police Department, the complaint still fails to state a claim for *Monell* liability.

Plaintiffs allege some unspecified, unconstitutional policy, practice, or custom which was "authorized, tolerated, ratified, permitted, or acquiesced" to by the GRPD causing injury to the Plaintiffs. (PageID.218.)  But the Second Amended Complaint does not identify what that violative policy, custom, or practice was.  The Plaintiffs are required to plead factual allegations that provide more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (internal citations omitted.)  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* quoting *Twombly,* 550 U.S. at 557.

Plaintiffs have not pled facts which identify a municipal policy, custom, or practice. Nor have they identified how any City policy, custom, or practice contributed to the alleged constitutional violations.  *Vereecke v. Huron Valley School Dist.,* 609 F.3d 392, 403 (6th Cir. 2010). Plaintiffs allege only that "[a]s a direct and proximate result … Plaintiffs were deprived of their constitutionally protected rights…"  (Doc. #19, PageID.218 at ¶15.)  Plaintiffs' Second Amended Complaint amounts only to "bare assertion of legal conclusions" and is not sufficient to

"give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Shaffer, supra,* quoting *Twombly, supra.* and Fed. R. Civ. P. 8(a)(2).

Simply stating that the City is liable is "because of its policies, practices, and customs, which led to this complaint of violation" is a merely a legal conclusion. The complaint does not articulate a factual basis for the claim.  The City is left to speculate as to what deliberate action attributable to the City itself was the "moving force" behind Plaintiffs alleged deprivation of federal rights.  *Monell, supra.*  While Plaintiffs do not need to give "detailed" factual allegations, they do need to provide more than mere labels and legal conclusions.  *Shaffer, supra,* citing *Twombly,* 550 U.S. at 555.  Because Plaintiffs have failed in this basic task, any claim Plaintiffs assert against the City of Grand Rapids (and the GRPD) under 42 U.S.C. §1983 should be dismissed.  Plaintiffs have not clearly identified a policy, practice, or custom of the City, let alone connected such to the deprivation of their constitutionally protected rights. *Monell,* 463 U.S. at 694; *Connick v. Thompson,* 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011).

3.   The City of Grand Rapids Cannot Be Held Liable for the Individual Actions of the GRPD's Officers based on *Respondeat Superior*

Instead, it is clear from the Second Amended Complaint that Plaintiffs intend the City (and the GRPD) to be held liable based on a theory of *respondeat superior*.  This starts at the top – the case caption identifies the municipal defendants by way of reference to *respondeat superior.* (Doc.#19, PageID.213.)   The Plaintiffs cannot base their claims against the City on the basis of any individual defendants' conduct because "respondeat superior is not available as a theory of recovery under section 1983." *Vereecke v. Huron Valley School Dist.,* 609 F.3d 392, 403 (6th Cir. 2010).

Beyond just the label contained in the case caption, the Second Amended Complaint continues this erroneous theory of municipal liability.  Plaintiffs allege that the offending act –

8

failing to call the minors' parents – was inconsistent with the official policy of the City, not a product of any official policy[2].  In Paragraph 23, the Plaintiffs claim that one or more yet-unidentified defendant officer questioned the minor plaintiffs in violation of the GRPD's youth policy.  (Doc. #19, PageID.220.)   There is no allegation that the GPRD's policy itself was the cause of the alleged Constitutional violation. In fact, the allegation in the complaint is that the policy was to do the opposite of what the unidentified officer did.  This is an attempt to hold the municipality responsible for an alleged action of an individual – the definition of *respondeat superior* liability.

In the Plaintiffs' statement of the case, contained in the Joint Status Report, the Plaintiffs continue to assert this erroneous theory, stating that:

> Allegations have been made against the City as it relates to the city funding the police department, the Civil Rights Act of 1871, customs in addition to *Respondeat Superior,* the City can be held liable as well as the GRPD based on their relationship.  And the GRPD can be held liable based on their relationship to their officers and Officers conduct that goes outside Department policy or norms.

(*Joint Status Report,* Doc. #17, PageID.201.)

Plaintiffs' Second Amended Complaint alleges the facts of only this incident.  It does not identify any policy, custom, or practice of the municipality which was the moving force behind any alleged constitutional violation.  Instead, the Plaintiffs seek to hold the municipality liable for the actions of one or more of officers on one night, during one incident, during the stop of one vehicle.  For this, the municipality cannot be held responsible.  Plaintiffs' claims against the City of Grand Rapids and the Grand Rapids Police Department should therefore be dismissed.

---

[2] On information and belief, although misstated and mischaracterized in the Complaint, Plaintiffs are referring to the GRPD's Youth Interaction Policy.  That Policy can be found here: https://www.grandrapidsmi.gov/Government/Departments/Police-Department/Policies-and-Procedures/Patrol-Operations-General/Grand-Rapids-Police-Department-Youth-Interaction-Policy

### D.      Any State-Law Claims Should Be Dismissed with Prejudice[3]

The Second Amended Complaint identifies only one count: for violation of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution.  (Doc. #19, PageID.216.)  However, the prior version of the complaint contained state-law tort claims.  (Doc. #5-2, PageID.49.)  The original complaint, filed in Kent County Circuit Court, identified claims of (1) "Negligence and Intentional Infliction of Emotional Distress" and (2) "Assault." (PageID.51 and PageID.56.)  While the Second Amended Complaint does not identify these separate claims, it does make reference to those theories.  For instance, paragraphs 29-21 refer to "reasonable person," "intent," and "causation of harm," which are key words for a negligence, intentional infliction, and intentional tort claim.  (*Sec. Am. Compl.,* PageID.221.)  Paragraph 32 then states that "Defendants intended to cause severe emotional distress or at least acted with RECKLESSNESS as to the risk of causing severe emotional distress for IIED."  (*Id.*, PageID.222.)(emphasis in original).

To clarify their position, in the Joint Status Report, Plaintiffs indicated that Plaintiffs "proffer state law tort claims for negligence, intentional infliction of emotional distress, and/or civil assault" while recognizing that Defendants were entitled to governmental immunity for those claims pursuant to MCL 691.1407.  (*Joint Status Report,* Doc. #17, PageID.202.)  On October 28, 2021, during the Rule 16 conference, Plaintiffs' counsel indicated a willingness to dismiss any state-law claims but has since reneged on that agreement.

---

[3] The City of Grand Rapids and Grand Rapids Police Department aver that in addition to any claims pursuant to state-law brought against the municipal defendants, the claims should be dismissed as against the individual officers as well based on the assertions of Plaintiffs' counsel in open court.  However, those defendants have not yet been identified, named, or served as of this writing and reserve the right to challenge the state-law claims on the grounds of qualified immunity should this Court permit the claims to continue as against the individuals.

Following the conference, counsel for the Defendants' counsel prepared and sent to Plaintiffs' counsel a proposed stipulation and order of dismissal of the state-law claims, with prejudice.  Plaintiffs' counsel refused to agree to such a stipulation, stating:

> Looks good except the statement, "with prejudice." I would prefer it to say, "without prejudice" in case my clients choose to pursue their options at the state level with another attorney. I don't want to box them in even if I am not planning to represent them in the future as it relates to the events surrounding March 26, 2021.

(*Email,* attached hereto as **Exhibit A.**)  Subsequently, the undersigned revised the proposed stipulation, removing any reference to prejudice.  (**Ex. A.**)  That proposal too was rejected:

> ….I simply can not [sic] agree to this without my clients' approval nor would I advise them to agree to this. My clients should be allowed to maintain their rights to seek corrective action at some point if they so choose to. No citizen should release their lawful right of redress of a dispute or wrong done to them in the courts. Constitutional privileges should be protected at all costs.
>
> I understand if your client won't allow the language to be included but I would advise my client not to accept your offer. Someone has to be held accountable and if the city can't be then the officers must be.
>
> Even if the court throws the state cases out more often than not they do this without prejudice if the party can show good cause to allow them to make corrections and refile.
>
> There is extremely strong evidence that the officers knew my clients weren't the individuals they were looking for even before they ordered them out of the car.

Plaintiffs' position that the state-law claims could later be revived in state court by another attorney is in error. The Michigan Court Rules have a compulsory joinder rule, stating:

> In a pleading that states a claim against an opposing party, the pleader **must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence** that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

MCR 2.203(A).  The Michigan Supreme Court has held that:

> The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action. The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their

11

> privies, and (3) the matter in the second case was, or could have been, resolved in the first. *Sewell v. Clean Cut Mgt., Inc.,* 463 Mich. 569, 575, 621 N.W.2d 222 (2001). This Court has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. *Dart v. Dart,* 460 Mich. 573, 586, 597 N.W.2d 82 (1999).

*Adair v. State,* 470 Mich. 105, 121, 680 N.W.2d 386, 396 (2004).  Since the parties could not come to an agreement on the voluntary dismissal of these claims, Defendants are now forced to file this motion seeking dismissal of those claims pursuant to Fed. R. Civ. P. 12(b)(6).

      1.    <u>Plaintiffs' Purported State-Law Claims of Negligence, Intentional Infliction of Emotional Distress, and Assault are barred by Governmental Immunity</u>

In relevant part, the Michigan Government Tort Liability Act ("GTLA") provides: "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function."  MCL 691.1407(1).

The City of Grand Rapids and the Grand Rapids Police Department[4] are each entitled to dismissal of any state-law claims made against them based on governmental immunity.  Plaintiffs have contemplated, although not clearly alleged, state-law claims of "Negligence," "Intentional Infliction of Emotional Distress," and "Civil Assault."  (*See, Sec. Am. Compl.,* PageID.222-224; *Joint Status Report,* Doc. #17, PageID.201.)  Even if pled, Plaintiffs have failed to plead any of these claims as against the municipal defendants in avoidance of governmental tort immunity.

To plead a claim for tort liability against a municipal defendant, a plaintiff must either (1) plead a tort that falls within one of the Government Tort Liability Act's stated exceptions, or (2)

---

[4] For the reasons set forth in detail above, the Grand Rapids Police Department is not a proper party defendant for the state-law claims for the same reason as it is not a proper party for the Federal law claims. *See, Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.,* 32 F.3d 989, 992 n.1 (6th Cir. 1994) ("A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest.")

demonstrate that the alleged tort occurred outside the exercise or discharge of a governmental function. *Genesee County Drain Comm'r v. Genesee County,* 309 Mich. App. 317, 869 N.W.2d 635 (2015). There are only six statutory exceptions to governmental immunity. The Michigan Supreme Court has identified five of those exceptions: the highway exception (MCL § 691.1402); the motor vehicle exception (MCL § 691.1405); the public building exception (MCL §691.1406), the proprietary function exception (MCL §691.1413); and the governmental hospital exception (MCL §691.1407(4)). *Nawrocki v. Macomb County Road Com'n.*, 463 Mich. 143, 155-156; 615 N.W.2d 702 (2000). The sixth statutory exception is the sewer backup liability exception (MCL §691.1416). The Michigan Supreme Court has repeatedly stressed that "the immunity conferred upon governmental agencies is broad, and the statutory exceptions thereto are to be narrowly construed." *Nawrocki*, 463 Mich. at 158, citing *Robinson v. Detroit*, 462 Mich. 439, 455; 613 N.W.2d 307 (2000) and *Ross v. Consumers Power Co.* (*On reh'g*.), 420 Mich. 567, 618, 363 N.W.2d 641 (1984). Here, Plaintiffs have no claim that fits into one of these specific statutory exceptions to immunity.

So, we turn to whether there is the tort alleged was for conduct outside the exercise or discharge of a governmental function. *Genesee County Drain Comm'r v. Genesee County,* 309 Mich. App. at 328. "It is well-settled that the management, operation and control of a police department is a governmental function." *Moore v. City of Det*roit, 128 Mich. App. 491, 340 N.W.2d 640, 643 (Mich.Ct.App.1983). "This includes, '[t]he authority of the city's police officers to 'pursue, arrest and detain' those suspected of violating the laws of Michigan.'" *Thomas v. City of Ferndale*, No. 16-10811, 2017 WL 4682308, at *3 (E.D. Mich. Oct. 18, 2017), citing *Payton v. City of Detroit*, 211 Mich. App. 375, 392, 536 N.W.2d 233 (1995) (finding that "[a]rrest, detention, and prosecution activities ... are clearly governmental functions entitled to immunity.") The GTLA

does not contain an "intentional tort exception to governmental immunity." *Genesse Cty. Supra*, at 328.  To determine whether a municipal government defendant was engaged in the exercise of a governmental function, the court must look "to the *general activity* involved rather than the *specific conduct* engaged in when the alleged injury occurred." *Genesee County Drain Comm'r., supra* (internal citations omitted.).  So, even if an officer commits an intentional tort during "discharge of a governmental function, the governmental agency is immune from tort liability." *Id.*

Here, Plaintiffs do not allege actions taken outside the scope of the general activity of policing.  To the contrary, Plaintiffs allege that each of the officers' actions were "under color of state law." (*Sec. Am. Compl.*, PageID.217-222 at ¶¶10, 12, 14, and 34.)  Even if one or more of the unnamed officers are found to have engaged in the conduct alleged (be it negligence, intentionally inflicting emotional distress, or assault of one or more of the Plaintiffs), neither the City of Grand Rapids nor the Grand Rapids Police Department can be held liable.   MCL §691.1407(1).  The activity of which those officers were engaged constituted the exercise or discharge of a governmental function – specifically, stopping and detaining individuals in furtherance of investigating gun-crime.  (*Sec. Am. Compl.,* PageID.219 at ¶17.)

Therefore, the City of Grand Rapids and the Grand Rapids Police Department are each entitled to governmental immunity. MCL 691.1407(1).  As such, the City and GRPD are each entitled to dismissal of any remaining state-law claims pursuant to Fed. R. Civ. P. 12.(b)(6).

## IV.      CONCLUSION

WHEREFORE, the City of Grand Rapids and the Grand Rapids Police Department respectfully request that this Honorable Court GRANT their Motion to Dismiss Plaintiffs' claims

against these Defendants and to award them such other relief as may be deemed just under the circumstances.

                                       Respectfully submitted,

                                       THE CITY OF GRAND RAPIDS

Dated: November 15, 2021              */s/ Sarah J. Hartman*
                                        Sarah J. Hartman (P71458)
                                        300 Monroe Ave. NW, Ste. 620
                                        Grand Rapids, MI  49503
                                        Ph: (616) 456-3802
                                        shartman@grand-rapids.mi.us

**CERTIFICATE OF COMPLIANCE WITH W.D. Mich. L. CIV. R. 7.3(d)**

This Brief filed in support of the above-referenced Motion, was prepared by the use of Microsoft Word 365 and contains 4,703 words, excluding the case caption, cover sheets, table of contents and authorities, signature block, attachments, exhibits, affidavits, and other addenda.  This word count was generated by that application and the count provided by the application is relied upon in conformance with L. Civ. R. 7.3(d).

Respectfully submitted,

THE CITY OF GRAND RAPIDS

Dated: November 15, 2021

/s/ Sarah J. Hartman
Sarah J. Hartman (P71458)
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI  49503
Ph: (616) 456-3802
shartman@grand-rapids.mi.us