# EXHIBIT A

**Hartman, Sarah**

| | |
|---|---|
| **From:** | Tyrone Bynum <tyrone@lawofficesoftyronebynumpllc.com> |
| **Sent:** | Friday, October 29, 2021 4:03 PM |
| **To:** | Hartman, Sarah |
| **Cc:** | Fossel, Elizabeth Joy |
| **Subject:** | Re: Draft Stip to Withdraw State Law Claims |

[Stop. Think. Read. This is an external email. Please use caution when clicking on the links and opening attachments in unsolicited email.]

Looks good except the statement, "with prejudice." I would prefer it to say, "without prejudice" in case my clients choose to pursue their options at the state level with another attorney. I don't want to box them in even if I am not planning to represent them in the future as it relates to the events surrounding March 26, 2021.

Thank You

On Fri, Oct 29, 2021 at 8:56 AM Hartman, Sarah <shartman@grand-rapids.mi.us> wrote:

Mr. Bynum,

Attached please find a draft stipulation to withdraw the Plaintiffs' pendant state-law claims, as discussed yesterday at the joint status conference.  Please let me know if you have any changes, or if I have your permission to submit.

Thank you,
Sarah

**Sarah J. Hartman** 

Assistant City Attorney

City of Grand Rapids

300 Monroe Ave., NW

Grand Rapids, MI 49503

SHartman@grand-rapids.mi.us

Office:  (616) 456-3802

Mobile:  (269) 921-2551

## Hartman, Sarah

| | |
|---|---|
| **From:** | Tyrone Bynum <tyrone@lawofficesoftyronebynumpllc.com> |
| **Sent:** | Wednesday, November 3, 2021 11:50 AM |
| **To:** | Hartman, Sarah |
| **Subject:** | Re: Cole, et al v. GRPD, et al - Stipulation to Withdraw State Law Claims |

[Stop. Think. Read. This is an external email. Please use caution when clicking on the links and opening attachments in unsolicited email.]

I understand. I never agreed to removing the claims with prejudice.

On Wed, Nov 3, 2021 at 11:32 AM Hartman, Sarah <shartman@grand-rapids.mi.us> wrote:

Mr. Bynum,

You were the one that suggested at the Joint Status Conference that you would be withdrawing the state-law claims. You have had several opportunities to amend those causes of action already. If you would prefer that we seek dismissal of them through a 12(b)(6) motion, we will do so (while pointing out to the Court that you have reneged on your agreement to voluntarily dismiss them). You are the one that represented to us and to the Court that those claims would be voluntarily withdrawn from the pending case.

The stipulation I sent to you is silent on the issue of prejudice. However, since they arise from the same transaction or occurrence, they are necessary claims to the instant action. We cannot litigate this matter fully without all of the claims your clients intend to assert being part of the cause of action now. The federal-law claims would be continuing, so it is not like your clients are giving up their ability to seek redress.

You should not have represented to the Court that you were withdrawing those claims if you did not feel that your clients would agree. If you need to do so, you should seek their input before withdrawing them. Please let me know by tomorrow if you plan to withdraw them by your own motion, will agree to my proposed stipulation, or if we should proceed with getting the state law claims dismissed by the Court.

Sarah

**Sarah J. Hartman** 

Assistant City Attorney

City of Grand Rapids

1

300 Monroe Ave., NW

Grand Rapids, MI 49503

SHartman@grand-rapids.mi.us

Office:  (616) 456-3802

Mobile:  (269) 921-2551

---

**From:** Tyrone Bynum <tyrone@lawofficesoftyronebynumpllc.com>
**Sent:** Wednesday, November 3, 2021 11:24 AM
**To:** Hartman, Sarah <shartman@grand-rapids.mi.us>
**Subject:** Re: Cole, et al v. GRPD, et al - Stipulation to Withdraw State Law Claims

[Stop. Think. Read. This is an external email. Please use caution when clicking on the links and opening attachments in unsolicited email.]

I don't agree. I simply can not agree to this without my clients' approval nor would I advise them to agree to this. My clients should be allowed to maintain their rights to seek corrective action at some point if they so choose to. No citizen should release their lawful right of redress of a dispute or wrong done to them in the courts. Constitutional privileges should be protected at all costs.

I understand if your client won't allow the language to be included but I would advise my client not to accept your offer. Someone has to be held accountable and if the city can't be then the officers must be.

Even if the court throws the state cases out more often than not they do this without prejudice if the party can show good cause to allow them to make corrections and refile.

There is extremely strong evidence that the officers knew my clients weren't the individuals they were looking for even before they ordered them out of the car.

Tyrone Bynum

On Wed, Nov 3, 2021 at 9:40 AM Hartman, Sarah <shartman@grand-rapids.mi.us> wrote:

Mr. Bynum,

In follow up to our exchange last week, attached to this email please find a revised proposed stipulation for dismissal of the state-law claims. I have removed reference to the withdrawal being "with prejudice," however will not agree to including the language of "without prejudice." The City defendants do not agree that Plaintiffs may be able to bring these claims later, as they are withdrawing them now and they relate to the same transaction nor occurrence as the remaining claims.

Please let me know if I have permission to submit the attached stipulation to the Court.

Thanks,
Sarah

**Sarah J. Hartman** 

Assistant City Attorney

City of Grand Rapids

300 Monroe Ave., NW

Grand Rapids, MI 49503

SHartman@grand-rapids.mi.us

Office:   (616) 456-3802

Mobile:  (269) 921-2551

**CONFIDENTIAL**

***THIS DOCUMENT IS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE***

DO NOT FORWARD WITHOUT PERMISSION