UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM MICKENS, SR., et al.,

    Plaintiffs,                            Hon. Phillip J. Green

v.                                           Case No. 1:21-CV-846

UNKNOWN PARTIES, et al.,

    Defendants.
_____/

## OPINION

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 24). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Hala Y. Jarbou referred this case to the undersigned. For the reasons discussed herein, Defendants' motion will be granted.

## BACKGROUND

This action is being pursued by Plaintiffs Clifford Cole and Sam Mickens, Sr., on behalf of two minors, J.C.1 and J.C.2. Plaintiffs have sued the City of Grand Rapids, the Grand Rapids Police Department, and an unidentified number of John/Jane Doe police officers. In their Second Amended Complaint (ECF No. 19), Plaintiffs allege the following. On March 26, 2021, unidentified members of the Grand Rapids Police Department stopped a vehicle in which Clifford Cole, J.C.1, and J.C.2 were riding. Unidentified officer(s) then "pointed their guns at" Cole and the two minors and ordered them out of the vehicle. The trio was taken into custody, placed in handcuffs, and

questioned despite having never been informed of their Miranda rights. Furthermore, no effort was made to communicate with the parents of either minor.

Plaintiffs allege that they suffered violations of their Fifth and Fourteenth Amendment rights to substantive due process as well as violations of their Fourth Amendment right to be free from the use of excessive force. Defendants City of Grand Rapids and the Grand Rapids Police Department now move to dismiss Plaintiff's claims. Plaintiffs have responded to the motion. The Court finds that oral argument is not necessary to resolve this matter. *See* W.D. Mich. LCivR 7.2(d).

## **LEGAL STANDARD**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

2

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The burden to obtain relief under Rule 12(b)(6), however, rests with the defendant. *See, e.g., DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." A motion to dismiss "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Ibid.*

## ANALYSIS

### I. Grand Rapids Police Department

Defendant Grand Rapids Police Department argues that it is entitled to relief because it is not a legal entity against which Plaintiffs can assert a claim. The Court agrees. As has been long recognized, "[i]t is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action." *Maggit v. Grand Rapids Police Department*, 2019 WL 211065 at *3 (W.D. Mich., Jan. 16, 2019) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007)). Accordingly, the motion to dismiss asserted by the Grand Rapids Police Department will be granted.

### II. City of Grand Rapids

Plaintiffs seek to hold the City of Grand Rapids liable for violating their constitutional rights. Section 1983 is the means by which "persons" who violate the constitutional rights of others can be held accountable. *See* 42 U.S.C. § 1983. While "municipalities and other local governmental bodies" are considered "persons" under § 1983, the City of Grand Rapids cannot be held liable under § 1983 solely because it employs a tortfeasor. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). To impose liability on Defendant, Plaintiffs must establish they suffered a constitutional injury as a result of "official municipal policy." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Official municipal policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

In their Second Amended Complaint, Plaintiffs fail to allege against the City of Grand Rapids (or the Grand Rapids Police Department) any facts, which, if proven would demonstrate that Plaintiffs' rights were violated as a result of "official municipal policy." Plaintiffs merely assert that Defendant[1] "authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiffs. . ." (ECF No. 19, PageID.218). But this allegation is nothing more than a legal conclusion.

Plaintiffs are obligated to identify the policy that caused their injuries, show how the policy is connected to, or associated with, Defendant, and articulate how their injury was the result of the execution of the policy. *See, e.g., Vereecke v. Huron Valley School District*, 609 F.3d 392, 403 (6th Cir. 2010). Rather than articulate specific facts sufficient to satisfy this standard, Plaintiffs merely assert, in effect, that their rights were violated, therefore, such must have been result of a de facto policy. While Plaintiff has asserted a great many factual allegations against the individual officers involved in the subject incident, Plaintiff's meager allegations against the City of Grand Rapids are insufficient to maintain a claim. Accordingly, the motion to dismiss asserted by the City of Grand Rapids will be granted.

---

1 While this allegation was asserted against the Grand Rapids Police Department (GRPD), because the GRPD is not a separate legal entity from the City of Grand Rapids, the Court interprets this allegation as, in effect, being asserted against the City of Grand Rapids.

5

## III. State Law Claims

Finally, to the extent Plaintiff's complaint is interpreted as asserting any state law claims against the Grand Rapids Police Department or the City of Grand Rapids, such will be dismissed without prejudice so that Plaintiffs may pursue such in the appropriate state forum. *See* 28 U.S.C. § 1367(c)(3); *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

## CONCLUSION

For the reasons articulated herein, Defendants' Motion to Dismiss (ECF No. 24) will be granted. Plaintiffs' federal law claims against the Grand Rapids Police Department and the City of Grand Rapids will be dismissed with prejudice and Plaintiffs' state law claims against these defendants will be dismissed without prejudice. An Order consistent with this Opinion will be separately entered.

Date: March 9, 2022  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge