UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

---

| | |
|---|---|
| J.C, a minor, by next friend, SAM MICKENS; CLIFFORD COLE; and J.C., a minor, by next friend, SAM MICKENS;<br><br>Plaintiffs,<br><br>v<br><br>CITY OF GRAND RAPIDS POLICE OFFICERS TBD; CITY OF GRAND RAPIDS, and GRAND RAPIDS POLICE DEPARTMENT,<br><br>Defendants. | Case No.: 1:21-CV-00846<br><br>HON. PHILLIP J. GREEN<br>U.S. District Magistrate Judge |

---

| | |
|---|---|
| Tyrone Bynum (P82427)<br>*Attorney for Plaintiffs*<br>Law Offices of Tyrone Bynum PLLC<br>161 Ottawa Ave., NW, Ste. 309<br>Grand Rapids, MI 49503<br>Ph: (616) 608-7409<br>tyrone@lawofficesoftyronebynumpllc.com | Elizabeth J. Fossel (P41430)<br>Sarah J. Hartman (P71458)<br>*Attorneys for Defendants*<br>City of Grand Rapids Law Department<br>300 Monroe Ave. NW, Ste. 620<br>Grand Rapids, MI 49503<br>Ph: (616) 456-1318<br>efossel@grand-rapids.mi.us<br>shartman@grand-rapids.mi.us |

---

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR
<u>ATTORNEY FEES AND COSTS</u>**

***ORAL ARGUMENT REQUESTED***

**I.  INTRODUCTION**

The City of Grand Rapids (the "City") and the Grand Rapids Police Department ("GRPD") request this Court to award their reasonable attorney fees and costs[1] pursuant to 42 U.S.C. §1983,

---

[1] Although Defendants are submitting a separate Bill of Costs, they are not seeking to recover costs twice, but simply referring to the costs reflected on the attached Bill of Costs in this Motion for purposes of completeness.

1

42 U.S.C. §1988(b), Federal Rule of Civil Procedure 54(d), and W.D. Mich. Local Civil Rule 54.1 against Plaintiffs. These Defendants are entitled to their reasonable attorney fees and costs because this Court has granted their motion to dismiss and entered a corresponding judgment in Defendants' favor. Accordingly, the City and the GRPD request that this Court enter an Order awarding reasonable attorney fees based on the prevailing market rate as determined by the Court, multiplied by the 142 hours reasonably expended by the Defendants' attorneys in defense of Plaintiffs' claims, plus $2,653.25 in costs.

## II.  PROCEDURAL BACKGROUND

Plaintiffs filed the instant action in the 17th Circuit Court for the County of Kent, State of Michigan, on August 31, 2021, bearing Case No. 21-07829-CZ. (*See Notice of Removal,* Doc.#1, PageID.2 and Doc.#1-1, PageID.7). The City of Grand Rapids, together with the improperly named Grand Rapids Police Department, were served by hand delivery on that same date. (*Id.*) The Plaintiffs' original complaint was so vague that, in response, Defendants filed a motion for more definite statement, with a supporting brief, in Kent County Circuit Court. (*Id.* at PageID.2 and Doc.#1-2, PageID.19; *see also,* Motion Fee of $20, included in Bill of Costs.) The motion sought, among other things, to ascertain if the pleading sought relief under Federal law. (*Id.*)

Eventually, Plaintiffs' counsel confirmed by email to Defendants' counsel that the Plaintiffs were seeking relief under both federal and state law. (Doc.#1-3, PageID.35.) Subsequently, Defendants removed the case to federal court based on federal question jurisdiction. (Doc.#1, PageID.3; *see also,* filing fee for removal, included in the Bill of Costs.)

After the case was removed to federal court, the City filed a motion to strike the complaint and, again, sought a more definite statement. (Doc.##8-9, PageID.131.) In response to the City's motion, Plaintiffs filed a "response" in the form of an amended complaint on October 21, 2021.

(Doc.#12, PageID.167.) The proposed amended pleading identified only one cause of action: for violation of 42 U.S.C. §1983 as against all defendants, both named and unnamed. (*Id.* at PageID.170.)  Plaintiffs filed another response to the Defendants' motion on October 24, 2021, again in the form of an amended complaint (*Second Response,* Doc. #14, PageID.182.)  This revised response served only to remove the minors' names from the pleading.  Then, taking a third bite at the apple, on October 25, 2021, the Defendants agreed to allow Plaintiffs to file yet another amended pleading.  (*Stipulation,* Doc.#16, PageID.196.)  The Court entered an order permitting the further amendment, and the "Second Amended Complaint" was entered.  (*Order,* Doc. #18, PageID.212; *Second Amended Compl.,* Doc.#19, PageID.167.)  The Second Amended Complaint, however, continued to only state one claim: violation of 42 U.S.C. §1983 as against all defendants. (*Id.,* Doc. #19, PageID.216.)

In response to the second amended complaint, the City and the GRPD (the only named parties) filed a motion to dismiss pursuant to Rule 12(b)(6). (*Motion to Dismiss,* Doc.#24, PageID.239.)  The motion sought dismissal of the GRPD as the police department is not a separate legal entity, and, thus, not a proper party defendant.  (Doc. #24, PageID.241.)  Moreover, these Defendants sought dismissal of the claims because the Plaintiffs did not state a viable *Monell* claim against the municipality.  (*Id.*)  These were issues that were brought up in the Defendants' earlier motion to strike or for a more definite statement. (Doc.##8-9, PageID.131.)

Notably, the Defendants sought concurrence with the motion to dismiss.  Plaintiffs did not concur with dismissal of any claims or parties.  (*Cert. of Compliance,* Doc.#26, PageID.281-7.)

Ultimately, this Court agreed with the City's arguments.  (*Opinion,* Doc.#42, PageID.434.) Specifically, this Court held that it has been "long recognized" that a police department cannot be sued. (*Id.,* PageID.438.)  This Court also found that the Plaintiffs did not allege <u>any facts</u> – but

only legal conclusions – against the municipality. (*Id.,* PageID.439.) Thus, the motion to dismiss was granted, and all federal-law claims (which were the only claims pled) against the City and GRPD were dismissed, with prejudice, in accordance with Rule 12(b)(6). (*Id.*)

### III. ARGUMENT

#### A. Defendants are Entitled to Attorney Fees and Costs.

Section 1988 provides that, in any action seeking to enforce a provision of Section 1983, the Court may allow the prevailing party reasonable attorney's fees as part of the bill of costs. 42 U.S.C. §1988(b). The U.S. Supreme Court has held that a prevailing defendant may receive an award of attorney fees where any of plaintiff's claims were frivolous, unreasonable, or without foundation. *Hughes v. Rowe,* 449 U.S. 5, 14-16; 101 S. Ct. 173; 66 L.Ed.2d 163 (1980) (internal citations omitted). This applies to plaintiffs that both initially bring such a claim as well as those that continue to litigate a claim after it has become clear that their claims meet this standard. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978).

Here, the federal-law claim asserted against the City and GRPD in the second amended complaint were without foundation. As this Court pointed out, it has long been held that a municipal police department is not a proper party defendant, as it is not a legal entity that can be sued. (*Opinion,* PageID.438.) Despite being asked to remove the GRPD as a party (*see,* PageID.281), Plaintiffs refused to voluntarily withdraw their claim and forced the Department to move for dismissal. Even after the Motion to Dismiss was filed, Plaintiffs never agreed to voluntarily dismiss the GRPD as a party. Ultimately, the GRPD was dismissed with prejudice, and is therefore a prevailing party, entitled to attorney's fees. 42 U.S.C. §1988.

Likewise, no factual allegation of wrongdoing by the City was ever alleged. (*Opinion*, PageID.439.) Plaintiffs had multiple opportunities to articulate such claims, but never did so.

Plaintiffs filed a complaint in Kent County Circuit Court, which was removed to U.S. District Court. (*Removal,* Doc. #1, Page.ID.1-4.) After the removal of the case, the City filed a motion for a more definite statement, seeking, among other things, clarification of the Plaintiffs' purported Section 1983 claims against the municipality. (*Motion,* Doc. #9, PageID. 138-9.) In that motion, the City argued that "there are no allegations specifically directed at the City," and that it was unclear if the basis for Plaintiffs' claims against the City was *respondeat superior* or, rather, a *Monell* theory of liability. (*Id.*) Plaintiffs submitted an amended complaint in response, which still did not address these concerns. (*Sec. Am. Compl.,* Doc.#19, PageID.167.)

So, the City was forced to file a Motion to Dismiss for failure to state a claim. Even after that Motion was filed, Plaintiffs still did not respond in a manner that clarified their claims against the City, and this Court properly determined that Plaintiffs had not stated a claim against the City of Grand Rapids itself. (*Plaintiffs' Response,* Doc.#30, PageID.302-325; *Opinion,* PageID.439.) The federal law claim was dismissed with prejudice. (*Id.*)[2]

Therefore, the City and GRPD prevailed, and Plaintiffs' claims were without foundation, frivolous, and unreasonable. Defendants are entitled to reasonable attorney's fees, in addition to their costs.

### B. Defendants' Requested Attorney Fees and Costs are Reasonable.

To determine whether fees are reasonable, courts use the "lodestar" approach, which determines an amount of fees based on the reasonable number of hours billed multiplied by a reasonable billing rate. *Paschal v. Flagstar Bank, FSB,* 297 F.3d 431, 434 (6th Cir. 2002). Here, Defendants' attorneys expended the following number of hours:

---

[2] The Plaintiffs' state law claims were dismissed without prejudice. However, a defendant may still recover reasonable attorneys' fees pursuant to Section 1988 even if only some of the claims were frivolous, unreasonable, or without foundation. *Fox v. Vice,* 539 U.S. 826, 834 (2011).

5

| Attorney | Number of Hours |
|---|---|
| Elizabeth J. Fossel | 45 Hours |
| Sarah J. Hartman | 97 Hours |
| **TOTAL:** | **142 Hours** |

Documentation reflecting these hours and the nature of the work performed is attached hereto as **Exhibit A**.

This Court should find the number of hours expended by the City's attorneys (142 hours) to be reasonable. This matter was filed in August 2021, and there has been substantial early motion practice: a motion for more definite statement when the case was pending in Kent County Circuit Court, removal to Federal Court, a subsequent motion to strike and/or for more definite statement, and, finally, the motion to dismiss. In addition, since the case management order required discovery be completed by March 25, 2022, the Defendants actively sought entry of a protective order and discovery from the Plaintiffs and from third parties. Thus, the number of hours expended were reasonable.

As shown above, Assistant City Attorney Sarah J. Hartman performed much of the relevant work in this litigation. Among other things, Ms. Hartman reviewed core documents in this case, prepared discovery requests and responses, drafted the motion to dismiss, and engaged Defendants' expert witness. Ms. Hartman has been practicing law for approximately 14 years. During this time, she has developed considerable expertise in civil rights litigation, especially that against law enforcement officers and agencies. She has litigated cases in both the Western and Eastern Districts of Michigan, as well as the 6th Circuit Court of Appeals.

Elizabeth Joy Fossel, as Director of Litigation for the City, has been actively involved in this litigation as well, including preparation of the City's motions for a more definite statement. She has been practicing law since 1988, and her practice has included substantial litigation

experience in the U.S. District Courts for the Eastern and Western Districts of Michigan. Ms. Fossel is rated as an AV Preeminent lawyer by Martindale-Hubbell.

Here, to determine a reasonable billing rate, Defendants suggest that this Court look to the average hourly rates for attorneys practicing in the areas of civil rights law and litigation in Kent County, Michigan. According to the State Bar of Michigan "Economics of Law Practice 2020[3]," those rates are as follows:

| Area / Geography | Median Rate | Mean Rate | 75th Percentile | 95th Percentile |
| --- | --- | --- | --- | --- |
| Civil Litigation | $300 | $324 | $375 | $600 |
| Civil Rights | $305 | $332 | $400 | $550 |
| Kent County | $305 | $324 | $375 | $550 |

"To determine a reasonable hourly rate, courts should look to the 'prevailing market rates in the relevant community.'" *Van Loo v. Cajun Operating Co.,* 2016 WL 6211692, at *3 (E.D. Mich. Oct. 25, 2016) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (6th Cir. 2000)).

Based on both Ms. Fossel's and Ms. Hartman's substantial experience in civil rights litigation, and that this case is pending in the Western District of Michigan (in Kent County), an hourly rate of $324 is reasonable, representing the mean rate of Michigan attorneys practicing in the area of civil litigation, as well as the mean rate of attorneys in Kent County. With that rate, the "lodestar" calculation of reasonable attorney's fees would be as follows:

| Attorney | No. of Hours | Rate | Lodestar |
| --- | --- | --- | --- |
| Elizabeth J. Fossel | 45 Hours | $324 | $14,580 |
| Sarah J. Hartman | 97 Hours | $324 | $31,428 |
| **TOTAL:** | | | **$46,008** |

**C. Defendants, as the Prevailing Party, are also Entitled to Costs.**

Contemporaneously with the filing of this Motion, these Defendants are also submitting a Bill of Costs, seeking reimbursement for the following costs related to the instant litigation:

---

[3] https://www.michbar.org/file/pmrc/articles/0000155.pdf

| Description | Amount |
|---|---|
| Kent County Cir. Ct. Motion Fee | $20.00 |
| Filing Fee (Removal to Fed. Ct.) | $402.00 |
| Expert Witness | $2,231.25 |
| **TOTAL:** | **$2,653.25** |

Defendants filed a motion for a more definite statement while the case was pending in Kent County Circuit Court, incurring a motion fee of $20.00. (*See,* Bill of Costs.) Only after filing that motion did Plaintiffs confirm that they were alleging federal claims. Thus, Defendants then removed the case to Federal Court, incurring the filing fee of $402.00. (*Id.*) Finally, Defendants retained Dan Grant as a policing police and procedure expert witness. To comply with this Court's case management Order, Mr. Grant prepared (and Defendants served) his expert report prior to the dismissal of this case. Mr. Grant's fee of $2,231.25 is reasonable. (*Id.*)

### IV. CONCLUSION

For the foregoing reasons, the City of Grand Rapids and the Grand Rapids Police Department respectfully request that this Court enter an Order awarding reasonable attorney fees in the amount of $46,008.00, or an amount based on the prevailing market rate as determined by the Court, multiplied by the 142 hours reasonably expended in defense of this case, plus $2,653.25 reasonably expended in costs.

Respectfully submitted,

Dated: March 23, 2022

*/s/ Sarah J. Hartman*
Elizabeth J. Fossel (P41430)
Sarah J. Hartman (P71458)
*Attorneys for Defendants*
City of Grand Rapids Law Department
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI 49503
Ph: (616) 456-1318
efossel@grand-rapids.mi.us
shartman@grand-rapids.mi.us

**CERTIFICATE OF COMPLIANCE WITH L. CIV. R. 7.3(b)**

This Brief filed by the Defendants was prepared by the use of Microsoft Word 365 and contains 2,094 words, excluding the case caption, cover sheets, table of contents and authorities, signature block, attachments, exhibits, affidavits, and other addenda. This word count was generated by that application and the count provided by the application is relied upon in conformance with L. Civ. R. 7.3(b).

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2022, I electronically field the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

>*/s/ Sarah J. Hartman*
>Sarah J. Hartman (P71458)
>City of Grand Rapids Law Department
>300 Monroe Ave. NW, Ste. 620
>Grand Rapids, MI 49503
>Ph: (616) 456-1318
>shartman@grand-rapids.mi.us